UNITED STATE BANKRUPCTY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ROKAS VARANAVICIUS | ) | |
| | ) | |
|    Debtor(s), | ) | |
| _____ | ) | In proceedings under Chapter 7 |
| | ) | |
| J AND J HOME BUILDERS, INC. | ) | Bankruptcy Case No.  09-51420-399 |
| | ) | |
|    Plaintiff(s), | ) | Adversary No. 10-4166.659 |
| | ) | |
| vs. | ) | |
| | ) | |
| ROKAS VARANAVICIUS | ) | |
| | ) | |
|    Defendant(s). | ) | |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE MOTION TO MAKE MORE DEFINNITE**

     COMES NOW Debtor/Defendant ROKAS VARANAVICIUS  and for his Motion to Dismiss For Failure to State a Claim or In the Alternative Motion to Make More Definite, respectively states as follows:

     1.    Debtor/Defendant is an individual who along with other individuals formed an LLC for the purpose of purchasing and renovating certain parcels of property located in the City of St. Louis. The LLC obtained financing from the Plaintiff. Pursuant to agreement of the parties, Debtor, along with the other individuals, singed a guarantee of the LLC's obligations under the contract. In addition, the LLC deed the property to Plaintiff and assigned to Plaintiff, its rights to Missouri Historical Tax Credits to Plaintiff with the intention that both would be transferred back to the LLC upon completion of the rehabbing of the parcels of property.

     2.    Prior to the filing of the present bankruptcy, Plaintiff brought a lawsuit against the LLC, debtor and other individuals alleging Breach of Contract, Breach of Personal Guaranty, Quantum Meruit, Unjust Enrichment, Suit on Account and Breach of Tax Assignment Agreement, in Cause No. 08SL-CC03355 of the Circuit Court of St. Louis County.

     3.    On August 14, 2009, the Court entered its order granting judgment against Debtor and the other defendants, jointly and severally, in the amount of $717, 248.00 plus court costs. The court's judgment gave credit to the Defendants for the parcels of property which had been deeded

to Plaintiff and ordered that the judgment would further reduced by the amount received from the sale of the Missouri Historical Tax Credits.

     4.     Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation". <u>Ashcroft v Iqbal,</u> 556 U.S. _____ (2209); <u>Bell Atlantic v Twombly</u>, 550 U.S. 544, 555 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do…Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement". <u>ID.</u> A complaint that pleads facts merely consistent with a cause of action will not survive a Motion to Dismiss. <u>ID.</u> Threadbare recitals of the elements of a course of action, supported by mere conclusory statements, do not suffice <u>ID</u>. At 555. Where the facts of a complaint do no more than allow the court to infer misconduct, the pleader is not entitled to relief. *<u>Iqbal</u> at page 15 of the slip opinion.* In addition to the above, Rule 9 of the Federal Rules of Civil Procedure and Rule 7009 of the Federal Rules of Bankruptcy Procedure require that in all allegations of fraud, the circumstances of fraud be stated with particularity.

     5.     Plaintiff's complaint should be dismissed because it contains nothing more than conclusions, formulaic recitations of the elements of various causes of actions, naked assertions devoid of further factual enhancement, and is confusing as under which sections of the Bankruptcy Code Plaintiff is seeking relief. Specifically:

     A)     In paragraph 9 of its Complaint, Plaintiff states that the amount of the judgment is "at issue". First, the amount is not "at issue". Debtor correctly listed the amount of the judgment as $717, 248.00 in his Statement of Financial Affairs and actual amount OWED to defendant as $725,583.00. Months passed between the entry of the judgment and the filing of Debtor's petition. The higher amount represents accrued interest as described in the garnishment served upon Debtor by Plaintiff's own attorneys. Second, Plaintiff fails to state how and under what section of the Code does this "issue" entitle Plaintiff to object to discharge.

     B)     In paragraph 11, Plaintiff makes the general statement that "..a court shall grant the debtor a discharge unless the debtor concealed from a creditor information pertinent to the debt and/or presented creditor falsified information regarding said debt." Yet, Plaintiff provides no further assertion that Debtor committed such acts or in what manner. In support, Plaintiff cites multiple sections 727(A)3-(7). These sections relate to more than the concealment or presentation of false information. For instance, 727 (A)6 concerns the Debtors refusal to comply with a court order under this bankruptcy on the grounds of self-incrimination. In addition, Plaintiff cites section 523(a)(2) without referencing which subsection, A, B or C, it is alleging Debtor violated.

     C)     In paragraph 12, Plaintiff cites 727(a)(3) and philosophically opines that "..a court should deny a debtor's request for discharge if the debtor failed to keep or reserve recorded

information, such as books, documents, records, and papers form which the debtor's financial condition or business transactions might be ascertained". Yet, Plaintiff fails to give the Court even the slightest clue that, in the context of this bankruptcy, Debtor failed to keep inadequate records. No one, neither the Trustee or Plaintiff, has requested any documentation that Debtor has failed to provide.

        D)      In Paragraph 13, Plaintiff cites an alleged statement made by Debtor in the heat of the state court litigation yet fails to explain how this statement is relevant to any of the multitude of code citations referenced by Plaintiff elsewhere in its Complaint.

        E)      In paragraphs, 14 and 15, defendant makes the similar allegations that Debtor concealed ownership of properties which abutted the property which is the subject of this litigation. Yet, Plaintiff provides no factual enhancement such as time, place, whether assertions were written or unwritten, whether direct misreprentations were made or were they mere failure to disclose. Furthermore, Plaintiff makes no references to code sections. In addition, the parties contract, which was created by Plaintiff and presented to Debtor and his state action co-defendants, states that none of the parties have to right to "..make representations, agreements or undertakings orally or in any manner other than as stated herein." The contract is silent as to the issues in paragraphs 14 and 15. Finally, the contract contains a clause that all claims related to this agreement must be settled by arbitration within two years of the arising of the claim. Any claim not raised within two years is barred. Pursuant to Plaintiff's own contract, the issues in paragraphs 14 and 15 are barred from litigation.

        F)      In paragraph 16, as in paragraphs 14 and 15, Plaintiff provides no factual enhancement such as time, place, whether assertions were written or unwritten, etc. . Furthermore, Plaintiff makes no references to code sections. In addition, the parties contract, which was created by Plaintiff and presented to Debtor and his state action co-defendants, states that none of the parties have to right to "..make representations, agreements or undertakings orally or in any manner other than as stated herein." The contract is silent as to the issues in paragraph 16. The contract contains a clause that all claims related to this agreement must be settled by arbitration within two years of the arising of the claim. Any claim not raised within two years is barred. Pursuant to Plaintiff's own contract, the issues in paragraph 16 are barred from litigation. Furthermore, Plaintiff has admitted in court that the value of the credits is inherently speculative. Finally, statements of valuation are not the basis for fraud or misrepresentation.

        G)      In paragraph 17, Plaintiff makes allegations as to false representations regarding the state of the rehabilitation process. As in other paragraphs, Plaintiff provides no factual enhancement or explains how misrepresentations were made when Plaintiff's agents toured the properties and were given photographs of its interior. As noted earlier, the parties contract,

which was created by Plaintiff and presented to Debtor and his state action co-defendants, states that none of the parties have to right to "..make representations, agreements or undertakings orally or in any manner other than as stated herein." The contract is silent as to the issues in paragraph 17 The contract contains a clause that all claims related to this agreement must be settled by arbitration within two years of the arising of the claim. Any claim not raised within two years is barred. Pursuant to Plaintiff's own contract, the issues in paragraph 17 are barred from litigation.

  H) In paragraph 18, Plaintiff makes vague references to "some" of the financed proceeds being spent in ways unrelated to the financed properties. Yet, Plaintiff fails to specially describe the use of the proceeds or how these improper use came about when Plaintiff had to approve all invoices and expenditures on the project. Finally, this issue is barred by Plaintiff's arbitration clause in its contract.

  I) Paragraphs 19 and 20 reference Debtor's failure to perform certain contractual obligations. Mere breach of contract terms does not create an action of fraud or a non-dischargeablity claim. Again, this issue is barred by Plaintiff's arbitration clause in its contract.

  J) Paragraphs 21-23 with the failure to have the properties legally subdivided into condominiums. Once again, Plaintiffs allegations are lacking in necessary specifics. Once again, Plaintiff is trying to turn breach of contract issues into actions regarding fraud or other non-discharageablity issues. Again, this issue is barred by Plaintiff's arbitration clause in its contract. Finally Plaintiff fails to state why this property CANNOT be subdivided. To subdivide the property the Plaintiff now owns, is merely a matter of having a survey done and hiring an attorney to file the necessary paperwork with the recorder of deeds.

  K) Paragraph 24 makes the fantastic claim that documents in the possession of a third party were destroyed by Debtor or those acting on his behalf without a scintilla of factual data or support.

  L) Paragraph 25 states Debtor or those acting on his behalf failed to comply with a court order "compelling Debtor to provide all document he (and/or any of the other four co-defendants) removed form the files of Continental Title that related to the financed properties." Debtor is unaware of any such court order.

  M) In paragraph 26, Plaintiff the allegations contained in paragraphs 13-25 of its Complaint "identify Debtor's fraudulent behavior toward Plaintiff regarding material facts that were litigated" at the state court level. In its wherefore clause, Plaintiff requests the court to deny a discharge for any amount related to the state court judgment. The state court judgment was plead, tried and decided on grounds related to breach of contract or quasi-contract actions. No findings of fraud or findings of fact as described by Plaintiff in paragraphs 13-25 of its complaint. Debtor was found liable as a guarantor on an contract and quasi-contract action. This is not the basis of fraud

or the other multitude of code sections cited by Plaintiff. As such, Plaintiff is barred by the doctrine of res judicata and collateral estoppel.

WHEREFORE, Debtor/Defendant requests this Court to dismiss Plaintiff's action in whole or part, or in the alternative order Plaintiff to amend its complaint to provide a more definite statement of facts, and for such further relief as the court may deem just and proper.

Respectfully Submitted,

GUSDORF LAW FIRM, LLC


By: __/s/ Michael A Kasperek__
MICHAEL A KASPEREK  #3522
Attorney for Debtor/Defendant
225 S. Meramec Ave., Suite 1220
St. Louis, MO 63105
(314) 721-3230 ph / (314) 721-4113
Our file # 20640
mkasperek@attystl.com


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above document was served on the 22nd day of April, 2010, either electronically or by mail, on all necessary parties.

_____Michael A. Kasperek_____

| | |
|---|---|
| In Re: ) | |
| ) | |
| ROKAS VARANAVICIUS ) | |
| ) | |
| Debtor(s), ) | |
| ) | In proceedings under Chapter 7 |
| ) | |
| J AND J HOME BUILDERS, INC. ) | Bankruptcy Case No. 09-51420-399 |
| ) | |
| Plaintiff(s), ) | Adversary No. 10-4166.659 |
| ) | |
| vs. ) | |
| ) | |
| ROKAS VARANAVICIUS ) | |
| ) | |
| Defendant(s). ) | |

## NOTICE

You are hereby notified that Debtor/Defendant will call for hearing his Motion to Dismiss For Failure to State a Claim or In the Alternative Motion to Make More Definite on the 25th day of May, 2010 at 10:00 AM Courtroom 7N of the United States Bankruptcy Court of the Eastern District of Missouri.

GUSDORF LAW FIRM, LLC

By:    **/s/ Michael A Kasperek**
MICHAEL A KASPEREK           #3522
Attorney for Debtor/Defendant
225 S. Meramec Ave., Suite 1220
St. Louis, MO 63105
(314) 721-3230 ph / (314) 721-4113
Our file # 20640
mkasperek@attystl.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above document was served on the 22nd day of April, 2010, either electronically by the courts CM/ECF or by mail, on all necessary parties.

          Michael A. Kasperek