# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 09-51420-399 |
| ROKAS VARANAVICIUS | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| J AND J HOME BUILDERS, INC. | ) | |
| | ) | |
| -v- Plaintiff | ) | |
| | ) | |
| ROKAS VARANAVICIUS | ) | Adv. No. 10-4166-659 |
| | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT OBJECTING TO DISCHARGE

COMES NOW Plaintiff, J & J HOMEBUILDERS, INC. d/b/a HOMESOURCE , by and through its attorneys, Armbruster, Dripps, Winterscheidt & Blotevogel, LLC, and in support of its Amended Complaint Objecting to Discharge, states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1) and is within the District Court's jurisdiction pursuant to 28 U.S.C. § 1334.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. At all relevant times to this Amended Complaint Objecting to Discharge (hereinafter "Complaint"), Plaintiff, J & J HOMEBUILDERS, INC. d/b/a HOMESOURCE (hereinafter "HomeSource") was and is a Missouri Corporation with its principal place of business located in Jefferson County, Missouri.

4. Defendant, Rokas Varanavicius (hereinafter "Debtor" or "Defendant"), is and was a resident of the City of St. Louis at all relevant times to this Complaint.

5. Defendant filed a Voluntary Petition for Chapter 7 bankruptcy on November 10,

2009 (hereinafter "Petition"). (Doc. 1).

6. Pursuant to 11 U.S.C. §§ 523(a) and 727(a), Plaintiff is a creditor of Debtor and seeks a determination that Debtor's debt to Plaintiff is not dischargeable.

7. Prior to filing said Petition, Debtor was one of five named defendants in a case in which Plaintiff brought a six-count Petition (hereinafter "HomeSource Petition") against all five named defendants alleging Breach of Contract, Breach of Personal Guaranty, Quantum Meruit, Unjust Enrichment, On Account, and Breach of Tax Assignment Agreement. (J & J Homebuilders, Inc. d/b/a HomeSource v. Cherokee Villas, LLC, St. Louis County Circuit Court, Cause No. 08SL-CC03355 (August 7, 2008) (hereinafter "underlying case")).

8. On August 14, 2009, the J & J Homebuilders, Inc. court awarded Plaintiff $717,428.00 to be paid by Debtor and the other four defendants (hereinafter "Cherokee Villa defendants"), joint and severally (hereinafter "judgment amount"). (Id., Judgment and Order (August 14, 2009)).

9. Plaintiff's Petition seeks to discharge this judgment amount under Chapter 7 of the Bankruptcy Code. (Petition, Schedule F and Statement of Financial Affairs).[1]

10. Among other things, the judgment amount sought to reimburse Plaintiff for money it loaned to Defendant and the Cherokee Villa defendants (hereinafter "loan") in their efforts to rehabilitate properties located at 326 Cherokee Street, St. Louis, Missouri 63118 and 3410 Virginia Avenue, St. Louis, Missouri 63118 (hereinafter "financed properties").

11. Upon the filing of a bankruptcy petition, a court shall grant the debtor a discharge unless the debtor concealed from a creditor information pertinent to the debt and/or presented creditor falsified information regarding said debt. (§ 727(a)(3)-(7); see also 11 U.S.C. §

---

[1] Although the amount stated on the J and J Homebuilders Inc.' Order and Judgment was $717,248.00, Debtor listed $725,583.00 on Schedule F of his Petition and $717,248.00 on the Petition's Statement of Financial Affairs.

523(a)(2)).

12.  Another reason a court should deny a debtor's request for discharge is if the debtor failed to keep or reserve recorded information, such as books, documents, records, and papers from which the debtor's financial condition or business transactions might be ascertained. (11 U.S.C. § 727(a)(3)).

13.  Debtor represented to Plaintiff, subsequent to Plaintiff's filing of HomeSource's Petition, that Debtor knew he owed Plaintiff money. He further represented to Plaintiff that he felt no obligation to pay because he would just file bankruptcy if the J & J Homebuilders, Inc. court ruled against him. This was said verbally many times beginning in June 2009 to Ms. Carla Grewe (hereinafter "Grewe"), Vice President of Plaintiff, J and J Home Builder, Inc. This was said at Plaintiff's office at 3787 West Outer Road, Arnold, Missouri, 63010 (hereinafter "Plaintiff's office").

14.  Debtor knowingly and fraudulently represented to Grewe in August 2006 at Plaintiff's office that the tax credits it promised to assign to Plaintiff in partial consideration for the loan were worth $150,000.00 when in reality they were worth, at best, approximately $90,000.00-$120,000.00. During a meeting in December 2007 with Grewe at Plaintiff's office, Debtor disclosed to her that he always knew this, which is a material misrepresentation regarding a term of the financing agreement.

15.  Defendant knowingly and fraudulently represented to Grewe in Plaintiff's office in 2006 (prior to finalizing the loan) that the rehabilitation of the financed properties was almost completed when in fact only one of the four units was near completion. Had Debtor accurately informed Plaintiff of the state of rehabilitation prior to receiving the financing, Plaintiff would not have agreed to the terms of the loan.

3

16. Debtor knowingly and fraudulently represented to Plaintiff that all of the loan proceeds would be used for the rehabilitation of the financed properties. In reality, some of the loan proceeds were spent in ways unrelated to the financed properties. Plaintiff does not know on what the money was used or when it was spent. This was discovered by Plaintiff after the start of litigation in the underlying case in June 2009 after having discussions with the title company and discovering that the title company did not have records for all the payments that were made.

17. Defendant knowingly and fraudulently represented to Plaintiff that Defendant and the Cherokee Villa defendants would supervise the construction/rehabilitation of the financed properties, and that did not occur. Defendant misrepresented this to Grewe in Plaintiff's office prior to finalizing the loan August 2006. Similar misrepresentations were made by Defendant to Grewe in Plaintiff's office between August 2006 and December 2008.

18. Debtor knowingly and fraudulently represented to Plaintiff that Defendant insured the financed property when in fact he never obtained insurance. This misrepresentation was made to Grewe in Plaintiff's office in August 2006.

19. Defendant knowingly and fraudulently represented to Grewe in Plaintiff's office on several occasions beginning in August 2006, prior to the loan being finalized, through and including March 2009 that the financed properties, at the completion of rehabilitation, could be sold as individual single family homes. At some time after Plaintiff provided Defendant with financing, Plaintiff discovered that Defendant (and/or one of the other four co-defendants named in J & J Homebuilders, Inc.) did not subdivide the financed properties and/or could not.

20. The failure and/or inability to subdivide the financed properties significantly decreased the appraised value of the property. The inability to sell the financed properties separately meant that the financed properties would remain rental units. That, as well as other

factors, meant that the actual appraised value was approximately $250,000.00 rather than the fraudulently represented appraised value of $1,102,248.00. This was discovered in my office and by phone through a competitive market analysis in the first quarter of 2009.

21. Plaintiff would not have provided Defendant with the loan or any subsequent financing for rehabilitation to the financed properties had Defendant truthfully informed Plaintiff of the facts stated above in ¶¶ 14-20, Plaintiff would not have provided Defendant with financing.

22. Defendant (and/or one of the Cherokee defendants with Defendant's knowledge and consent) removed, altered, and/or destroyed documents in the files of Continental Title, the title company for the financed properties.

23. Defendant (and/or one of the other four co-defendants named in J & J Homebuilders, Inc. with Defendant's knowledge and/or consent) knowingly and intentionally failed to comply with a J & J Homebuilders, Inc. court order compelling Defendant to provide all documents he (and/or any of the other four co-defendants) removed from the files of Continental Title that related to the financed properties.

24. Paragraphs 13-23 above identify Defendant's fraudulent behavior toward Plaintiff regarding material facts that were litigated in J & J Homebuilders, Inc., which are sufficient grounds under §§ 523 and 727 to deny Defendant's request to discharge Plaintiff's claim of $717,248.00 that relates to the Judgment and Order by the J & J Homebuilders, Inc.'s court.

WHEREFORE, Plaintiff J & J HOMEBUILDERS, INC., d/b/a HOMESOURCE, respectfully requests that this Court enter an order that denies Defendant's request to discharge Plaintiff's claim of $717,248.00, or any other amount owed to Plaintiff, that relates to the Judgment and Order by the J & J Homebuilders, Inc.'s court, award Plaintiff court costs and

legal expenses, including attorney's fees, and for any other relief that this Court deems just and proper.

          Respectfully submitted,

          J & J HOME BUILDERS, INC. d/b/a HOMESOURCE

          by:    _s/ Dennis J. Barton III_____

                  Dennis J. Barton III #510935
                  The Barton Law Group, LLC
                  9109 Watson Road
                  St. Louis, MO 63126
                  Phone: 314-222-6060
                  dbarton@bartonlawllc.com
                  Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 13, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Michael A. Kasperek
Gusdorf Law Firm, LLC
225 S. Meramec, Ste. 1220
Saint Louis, Missouri 63105
(314) 721-3230
(314) 721-4113 FAX
mkasperek@attystl.com
Attorney for Defendant

Michael Blotevogel
Armbruster, Dripps, Winterscheidt & Blotevogel, LLC
219 Piasa Street
P.O. Box 8338
Alton, IL 62002
(618) 208-0320
Toll Free (800) 917-1529
Fax (800) 927-1529
E-mail mikeb@adwblaw.com
Attorney for Plaintiff

                  s/_Dennis J. Barton III_____